UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

**UNITED STATES OF AMERICA**

v.                                                                                   Case No. 2:06-cr-4-JES-NPM

**ELEX PIERRE**
_____

**ORDER**

During a July 7, 2022 initial appearance concerning a petition to revoke his supervised release, Elex Pierre stated a desire to waive his right to counsel. To be valid, such waivers must be made knowingly, intelligently, and voluntarily. *See Faretta v. California*, 422 U.S. 806, 845-835 (1975). And competency to stand trial does not in itself establish that a defendant may properly waive counsel. *See Godinez v. Moran*, 509 U.S. 389, 400 (1993).

When determining whether a waiver of counsel is knowing, intelligent, and voluntary, courts should consider a defendant's mental health among other factors. *See Strozier v. Newsome*, 926 F.2d 1100, 1105 (11th Cir. 1991). During a previous supervised-release-violation proceeding in September 2019, Pierre reported no mental or emotional diseases or illnesses, and the court allowed him to proceed pro se with stand-by counsel. (Doc. 393). Shortly thereafter, Pierre represented himself during a preliminary hearing before the undersigned (Doc. 394) and during a revocation hearing before Judge John E. Steele (Doc. 401). The court found Pierre

violated the terms of his supervised release and sentenced him to time served with four years of supervised release to follow. (Doc. 402).

But now, Pierre reports that he is currently undergoing mental health treatment for post-traumatic stress disorder, bipolar disorder, schizophrenia, and a neurocognitive disorder. And he further reports that as the result of a state-court proceeding, he cannot enter into legal agreements such as a lease, and that his sister, acting with a power of attorney (as he explained it), does so for him. Notably, his sister was present in the courtroom for the initial appearance and gestured that she agreed with this account.

The circumstances suggest that Pierre's ability to make a decision of this magnitude is impaired, and that a waiver of his right to counsel would not be made intelligently. Accordingly, the court declined to accept his waiver and appointed the Federal Public Defender as counsel. (Doc. 432). This ruling is made without prejudice to Pierre's ability to renew his request to waive counsel based on a change in circumstance or a more fulsome record.

**ORDERED** on July 11, 2022.

_Nicholas P. Mizell_
NICHOLAS P. MIZELL
UNITED STATES MAGISTRATE JUDGE